UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CRIMINAL ACTION NO. 08-00158-KSF-JGW
CIVIL ACTION NO. 10-07145-KSF-JGW

UNITED STATES OF AMERICA                                              PLAINTIFF

V.

RONALD OBENSHAIN                                                     DEFENDANT

**REPORT & RECOMMENDATION**

Pending is defendant Ronald Obenshain's pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Doc 23. The United States has filed a response, Doc. 31, to which defendant has filed a reply. Doc. 33. The motion to vacate has been referred to the undersigned magistrate judge for initial consideration and a report and recommendation. 28 U.S.C. § 636(b).

**I. Factual and Procedural History**

Defendant was indicted for one count of possession of an unregistered silencer, in violation of 26 U.S.C. § 5861(d).[1] On April 2, 2010, defendant pleaded guilty to the single count without a plea agreement. *See* Doc. 11. On June 25, 2010, defendant was sentenced to 30 months' imprisonment. *See* Doc. 19. Obenshain did not file an appeal. However, on October 25, 2010, he filed the present § 2255 motion. Defendant raises several arguments based upon ineffective assistance of counsel. Defendant also raises allegations that his sentence is improper. I conclude that defendant is not entitled to relief on any of his allegations of error.

---

[1] 26 U.S.C. § 5861(d) provides that it is unlawful for a person "to receive or possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record . . . ." A "firearm" is defined in relevant part as "any silencer (as defined in section 921 of title 18, United States Code) . . . ." 26 U.S.C. § 5845(a)(7). And 18 U.S.C. § 921(a)(24) defines "firearm silencer" in relevant part as "any device for silencing, muffling, or diminishing the report of a portable firearm . . . ."

## II. Analysis

### A. Standard of Review

Under 28 U.S.C. § 2255(a), a federal prisoner such as defendant may seek relief if his "sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law . . . ." To prevail on an allegation of constitutional error under § 2255, a movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States,* 165 F.3d 486, 488 (6th Cir.1999). To prevail on an allegation of non-constitutional error under § 2255, a movant "must establish a fundamental defect which inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process." *Id.* (quotation marks omitted). As the movant, defendant bears the burden to prove his contentions by a preponderance of the evidence. *See, e.g., United States v. Mostranzo*, 2011 WL 690497, at *2 (E.D.Ky. Jan. 31, 2011) (citing *McQueen v. United States*, 58 Fed.Appx. 73, 76 (6th Cir. 2003)).

### B. Procedural Bar

A habeas petition is not a substitute for a direct appeal. Thus, "the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621 (1998). Because defendant did not file an appeal, the claims in his § 2255 petition have been procedurally defaulted. *Id.* Thus, defendant must demonstrate either cause and prejudice for the default, or actual innocence. *See id.* at 622 ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent . . . .") (quotation marks and citations omitted).

**1. Actual Innocence**

Defendant claims he is actually innocent. In his reply brief, defendant asserts for the first time that he is actually innocent because the item he possessed was actually a flash suppressor,[2] not a silencer.[3] And defendant asserts that it is not illegal to possess a flash suppressor. Defendant's actual innocence argument is fatally flawed because he has pointed to nothing to support his contentions.

The actual innocence exception to the procedural default rule requires a showing of factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 623. Thus, defendant "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* (quotation marks and citation omitted).

During the plea colloquy, the following relevant exchanges occurred:

THE COURT: Mr. Duncan, tell me what the government would be prepared to prove if this case were to go to trial.
MR. DUNCAN: Yes, Your Honor, on January the 4th, 2008, the Lexington Police Department responded to a home on Lancelot Lane.
    The home had previously been rented by the defendant.
    The landlord, when he was cleaning out the home, discovered what he believed to be a pipe bomb.
    The device in fact turned out to be a silencer.

---

[2]Defendant does not cite to any authority defining a "flash suppressor," nor does a definition appear elsewhere in the record. A popular internet dictionary defines "flash suppressor" as "a device fitted to the muzzle of a firearm to reduce the flash made by the ignited propellant gases . . . ." *See* http://dictionary.reference.com/browse/flash+suppressor.

[3]Generally, an argument raised for the first time in a reply brief is not properly before the court. *United States v. Perkins,* 994 F.2d 1184, 1191 (6th Cir.1993) ("Issues raised for the first time in a reply brief are not properly before this court."); *Hadley v. United States*, 2010 WL 2573490, at *6 (W.D.Mich. June 22, 2010) ("It is well-established that a party, including a movant in a motion under § 2255, may not raise an argument for the first time in a reply brief. "). Thus, the Court could choose to decline to consider defendant's actual innocence argument, but in the exercise of leniency, I will briefly address it on the merits.

> It was sent by ATF to the national laboratory for testing, and the testing revealed that the silencer functioned as designed, that it is -- it reduced the report of a firearm by approximately 6 decibels.
> The silencer was also examined and determined to have fingerprints contained in it and on it.
> The fingerprints matched up to those of the defendant.
> Those fingerprints were on file with the Lexington Police Department.
> The defendant's possession of the silencer began on or about a date in October or November of 2007 and continued through on or about a date in December of 2007.
> Your Honor, those facts are what the government could prove beyond a reasonable doubt if this went to trial.
>
> THE COURT: What are the elements of the offense charged in count one of the indictment?
>
> MR. DUNCAN: Your Honor, the elements are the following three elements: First, that the defendant knowingly possessed a firearm, that is a silencer, as listed in the indictment; second, that the defendant knew the nature and characteristics of the firearm; and third, that the firearm was not registered to him in the National Firearms Registration and Transfer Record.
> I should also say, Your Honor, that the ATF checked with their National Firearms Registration and Transfer Record and determined that the silencer was not registered to the defendant.
>
> THE COURT: All right. Mr. Obenshain, did you hear Mr. Duncan just now tell me what the government would be prepared to prove if this case were to go to trial?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you believe the government would be able to prove all that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: So then on or about the dates mentioned in the indictment, here in Fayette County, you possessed that silencer that was described in the indictment?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. So how do you plead to the offense charged in count one of the indictment, guilty or not guilty?
>
> THE DEFENDANT: Guilty.
>
> THE COURT: And -- and you agree to the forfeiture of the silencer to the government?
>
> THE DEFENDANT: Yes, sir.

Doc. 29, p. 6-9.

The defendant thus admitted guilt under oath. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

4

Thus, even if it is assumed *solely for the sake of argument* that possession of a flash suppressor is legal, defendant's actual innocence argument is nonetheless fatally flawed because he has cited to *nothing* to show that the device he possessed was actually a flash suppressor, not a silencer. To the contrary, *all* of the evidence in the record indicates that the device was a silencer. Most importantly, defendant answered "[y]es, sir" when asked by the Court during the plea colloquy if he possessed a silencer as charged in the indictment. Defendant's unsupported allegations that the device is not a silencer stand in stark contrast to everything else in the record, including defendant's admission of guilt. Simply put, defendant's unsupported allegations are insufficient to meet his burden to demonstrate actual innocence. *See, e.g., Mostranzo*, 2011 WL 690497, at *7.[4]

2. **Cause and Prejudice**

---

[4]*Mostranzo* provides in relevant part as follows:
Defendant/Movant ultimately bears the burden to establish actual innocence, but here, as described, the Rule 11 colloquy actually supports the inference that Sanchez Mostranzo had knowledge that the Indiana identification belonged to another person. In such a posture, he can hardly hope to "demonstrate that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.' " *See Bousley*, 118 S.Ct. at 1611 (quoting *Schlup v. Delo*, 115 S.Ct. 851, 867-68 (1995) (internal citations omitted)). Sanchez Mostranzo offers no actual evidence or detailed summary of the record, and he cites to no proof either in his original section 2255 motion or his unsworn reply brief. Indeed, Movant simply makes summary statements characterizing the United States as having no proof of the new requisite knowledge. He makes no detailed proffer, tenders no corroborating proof, and makes no specific evidentiary argument-just the negative assertion about the Government's case. The actual innocence burden "at the gateway stage is to demonstrate that more likely than not ... no reasonable juror would find [movant] guilty beyond a reasonable doubt." *House v. Bell*, 126 S.Ct. 2064, 2077 (2006). This standard requires more than Sanchez Mostranzo's self-serving criticisms of the state of the proof.
*Id.* at *7.

Having failed to demonstrate actual innocence, defendant must then show both cause for the default and prejudice resulting from it. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (explaining that cause and prejudice test is conjunctive, not disjunctive). Ordinary attorney error does not satisfy the cause standard, but error so serious as to constitute ineffective assistance of counsel can satisfy the cause standard. *See, e.g., West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996); *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999). To demonstrate ineffective assistance of counsel, "petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense . . . ." *West*, 73 F.3d at 84 (citing *Strickland v. Washington*, 466 U.S. 668, 698 (1984)). The mere fact that an attorney failed to recognize a claim or issue is insufficient to constitute cause; rather, cause requires a showing that some external factor prevented counsel from raising a claim. *Rumler v. United States*, 172 F.3d 49 (Table), at *1 (6th Cir. 1999) (citing *Murray*, 477 U.S. at 486-87, 492).

Defendant has not shown that some external factor prevented his attorney from arguing that the item defendant possessed was a flash suppressor, not a silencer. And, as stated previously, defendant has cited to *nothing* to support his contention that the item was actually a flash suppressor, not a silencer. Because an attorney cannot be deemed ineffective for failing to raise a meritless argument,[5] on this record the Court cannot find defendant's attorney to have been ineffective for failing to argue that the item in question was a flash suppressor, not an unregistered silencer.

---

[5]*See, e.g., United States v. Latham*, 2010 WL 161436, at *4 (W.D.Mich. Jan. 8, 2010) ("As a matter of law, one cannot render constitutionally ineffective assistance of counsel by failing or refusing to raise arguments which lack merit, whether at trial or on appeal. An attorney's failure to make an [argument or] objection will not alter the outcome of a proceeding if the objection is meritless, and hence would not be sustained.") (citations and quotation marks omitted).

Defendant argues in his reply brief that his attorney told him that a flash suppressor and a silencer were synonymous, and that erroneous advice led defendant to plead guilty. Defendant has provided no corroboration whatsoever that his attorney made any such statements, nor has defendant provided any evidence to support his contention that the item was not a silencer. Conversely, the record contains ample evidence that the item was a silencer. It is unquestioned, after all, that the item did reduce the report of a firearm. In short, defendant has provided only conclusory, unsupported allegations of ineffective assistance of counsel which appear for the first time in a reply brief. Thus, defendant has not met his burden to show that his attorney's performance was either deficient or caused defendant to suffer prejudice.

### C. Other Allegations of Ineffective Assistance of Counsel

In addition to his allegation that his attorney's ineffectiveness caused him to plead guilty to possessing an unregistered silencer when he actually possessed a flash suppressor, defendant raises other allegations of ineffective assistance of counsel. None of those allegations entitles defendant to relief.

#### 1. Failure to File Direct Appeal

Defendant argues that he would have filed a direct appeal, but for his counsel's ineffectiveness. In *Roe v. Flores-Ortega,* the Supreme Court reiterated that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." 528 U.S. 470, 477 (2000). Absent specific instructions to file an appeal, a court must "ask first 'whether the attorney "consulted" with the defendant about the benefits and drawbacks of bringing an appeal.'" *Shelton v. United States*, 378 Fed.Appx. 536, 538 (6th Cir. 2010) (citing *Regalado v. United States*, 334 F.3d 520, 525 (6th Cir. 2003)). "When consultation has occurred, then '[c]ounsel performs in a professionally unreasonable manner

only by failing to follow the defendant's express instructions with respect to the appeal.'" *Shelton*, 378 Fed.Appx. at 538 (citing *Roe*, 528 U.S. at 478).

It is undisputed that defendant's counsel consulted with defendant about filing an appeal. In his habeas petition, defendant admits such a consultation occurred when he claims that "council [sic] advised that if an appeal was filed that I would receive max sentence and that I would be out before it took place." Doc. 23, p. 5. And defendant was informed at sentencing of his right to file an appeal. Doc. 27, p. 14. Defendant clearly, therefore, was aware of his right to file an appeal. But defendant does not state that he instructed his attorney to file an appeal.

Though failing to file an appeal when requested to do so may constitute ineffective assistance of counsel, "[s]imply advising against an appeal does not constitute ineffective assistance of counsel." *United States v. Stewart*, 2011 WL 381951, at *3 (E.D.Ky. Feb. 2, 2011) (citing *Regalado*, 334 F.3d at 525). Thus, because defendant only complains about his attorney's alleged advice against filing an appeal, defendant has not met his burden to show that his counsel was ineffective.

**2. Failure to Contest Criminal History Calculation**

Defendant next alleges his counsel was ineffective for failing to contest the calculation of defendant's criminal history. At sentencing, counsel stated his belief that an objection to defendant's criminal history calculation would be futile and, thus, counsel instead asked to court for a downward departure. Doc. 27, p. 3-4. Defendant has not shown *any* specific error in the calculation of his criminal history. An attorney is not ineffective for failing to raise a meritless argument. *Latham,* 2010 WL 161436, at *4. Moreover, a court must presume that counsel's performance was reasonable and adequate. *Strickland*, 466 U.S. at 689. Defendant's obvious

dissatisfaction with his sentence is insufficient to demonstrate that counsel was ineffective for failing to contest the criminal history calculation.

### 3. Lack of Communication, etc.

Defendant also raises several brief and conclusory allegations of ineffective assistance of counsel. Defendant tersely claims "[a]lcohol and drug abuse from council [sic]" and "[l]ack of communication from council [sic]." Doc. 23, p. 4. Additionally, defendant claims "[w]rong advice given from start to finish from council [sic]." *Id.* These allegations are utterly conclusory as defendant has not pointed to *any* particular advice that was erroneous, nor has he provided *any* specific evidence to support his allegations of drug and alcohol abuse. Accordingly, his ineffective assistance of counsel claims should be denied. *See, e.g., Combs v. United States*, 2009 WL 943526, at *3 (M.D.Tenn. Apr. 6, 2009) ("Conclusory statements are insufficient to warrant relief under Section 2255. *Lovejoy v. United States*, 1996 WL 331050 at *3 (6th Cir.1996). Likewise, unsupported challenges without a showing of prejudice are insufficient to establish the ineffective assistance of counsel. *Mitchum v. United States*, 76 Fed. Appx. 796, 798 (6th Cir.2003).").

## D. Sentencing Claims

In addition to his ineffective assistance of counsel claims, defendant argues that his sentence is unfair or improper because: 1) the trial court failed to consider factors which would have led to defendant receiving a lesser sentence; and 2) defendant's cooperation with the prosecution should have resulted in a lesser sentence. Both arguments are refuted by the record.

### 1. *Booker* Variance

Defendant claims that the presiding district judge showed "indifference to the 'Booker variances, downward departure."[6] Doc. 23, p. 5. According to defendant, the trial court should have considered factors such as this being defendant's first felony offense, there were no victims of the crime, and defendant supports a wife and three children. *Id.* The record reflects, however, that the presiding district judge took all of the facts and circumstances of this case into account at sentencing. And though defendant now asserts that he was not permitted to speak fully on his behalf and that his family was not permitted to speak on his behalf, the sentencing transcript shows that defendant was given an uninterrupted opportunity to speak to the presiding district judge as long as he desired and there was no request by defendant's family members to address the Court.

At sentencing, defendant and his counsel spoke at length about factors which they believed warranted a downward departure. Doc. 27, p. 3-10. And the Court specifically stated that it had considered all of the letters submitted on defendant's behalf and all of the arguments raised in favor of a downward departure. Specifically, the Court stated:

> In trying to determine an appropriate sentence here, I've reviewed the factors set out in 18 United States Code, § 3553(a). I've looked at the advisory guidelines. I have certainly reviewed the presentence report. I've read the sentencing memorandum that Mr. Hughes filed, the addendum thereto, and all the letters that have been submitted on behalf of Mr. Obenshain.
> I'm asked to find that Mr. Obenshain is entitled to a departure, or a variance under <u>Booker</u>, and I just can't do that. I'm certainly aware of the fact that he's been doing well with this temperance since '07. I'm certainly aware of what he has to say about having found Christ, even before he was imprisoned. I can say that it is the family that's always the victim in these circumstances.

---

[6]*United States v. Booker*, 543 U.S. 220 (2005), "made the [sentencing] guidelines range advisory and authorized 'variances' outside the range" based on factors set forth in 18 U.S.C. §3553(a). *United States v. Harrison*, 362 Fed.Appx. 958, 965 (11th Cir. 2010).

> But I do think, having reviewed everything and having considered the factors, that a sentence at the low end of the guideline range is certainly appropriate here.
>
> There is a history of domestic violence and substance-related offenses. I think -- I hope those days are over, and I think that they probably are. The last criminal conviction was in 2007, at which time or shortly thereafter he claims to have -- Mr. Obenshain claims to have ceased using drugs and alcohol.
>
> The government has not recommended a downward departure here. If the government would so recommend or if later the government comes in with a Rule 35 motion, I will certainly reevaluate this situation and impose a sentence which will probably come close to satisfying Mr. Obenshain more than this sentence is going to.
>
> So pursuant to the Sentencing Reform Act of 1984, as modified by the <u>Booker</u> and <u>Fanfan</u> decisions, the Court finds that the sentence it will impose is sufficient but not greater than necessary to comply with the purposes of the statute.

Doc. 27, p. 11-13. Because his claims regarding the Court's indifference to factors which would support a lesser sentence are squarely refuted by the record, defendant is not entitled to habeas relief.

### 2. Cooperation Not Considered

Defendant finally alleges that information he provided to the prosecution was not considered in determining his sentence. Again, this is refuted by the record. At sentencing, the prosecutor stated as follows:

> I wanted your Honor to know this defendant has provided some information to the government. We have not gotten any results from the information at this point. It has not panned out, but we are still following through on our end with what has been provided to us.
>
> I would like the Court to know that we are recommending 30 months, and if anything does pan out we would come back to the Court pursuant to Rule 35 and reevaluate the situation.

Doc. 27, p.11. Accordingly, defendant's argument that his cooperation was either not taken seriously or should have served to reduce his sentence is without merit.

### III.  Recommendation

For the reasons discussed herein, **IT IS RECOMMENDED** that defendant's 28 U.S.C. §2255 motion [Doc. 23] should be denied.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are sufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 21st day of June, 2011.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge